## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

### Tampa Division

DANIELLE SMITH,

     Plaintiff,

     v.                       Civil Action No. 21-01291-SDM-AEP

UNITED STATES DEPARTMENT
OF JUSTICE

     Defendant.

_____/

### MOTION FOR STATUS CONFERENCE OR ALTERTANTIVELY SETTING OF SCHEDULE FOR PROCESSING AND RELEASE OF RESPONSIVE RECORDS AND NOTICE OF FILING OF RELATED DECISION

NOW COMES the Plaintiff Danielle Smith ("Smith"), by and through her undersigned counsel, to respectfully request this Court convene a status conference or, in the alternative, set a schedule for the Defendant Department of Justice ("DOJ") to finally process and release non-exempt copies of records responsive to the FOIA request underlying the present action.

This Court issued an Order on May 10, 2023, denying for a second time DOJ's effort to categorically invoke FOIA Exemption 7(A). Dkt. No. 34. Over the following two months, the undersigned have been in discussions

with Government counsel regarding next steps for this litigation, particularly how DOJ would handle processing and releasing records. The undersigned repeatedly advised Government counsel that Smith would seek intervention by this Court if clear and substantive steps were not taken by DOJ to move this litigation forward. After more than two months of unsuccessful efforts and no substantive responses from the Federal Bureau of Investigation ("FBI"), which is the DOJ subcomponent that controls the requested records, Smith respectfully seeks that very intervention by this Court.

This is a simple FOIA action and the next steps after this Court denied two attempts by DOJ to categorically invoke FOIA Exemption 7(A) should theoretically be just as simple. DOJ should process the universe of responsive records at issue – the figure for which has never been disclosed to Smith in DOJ's previous pleadings – and release any non-exempt copies to Smith. After that, the parties can determine to what extent further briefing is necessary.

Only DOJ can explain why, after more than two months considering its options, it has not reached a resolution on how it wants to proceed. It has not provided clarification to undersigned counsel, but it can and should be required to provide it at this stage to this Court.

Specifically, Smith requests that as part of the status conference this Court require DOJ present information from a knowledgeable and authorized agency official that addresses at least the following points:

(a) How many potentially responsive records are at issue?

(b) What is the expected period of time needed for DOJ/FBI to process the universe of records and release any non-exempt copies?

(c) How many rolling productions would be involved in the release of non-exempt copies of responsive records?

Further, if DOJ/FBI wishes to more narrowly invoke FOIA Exemption 7(A) over a subset of the universe of responsive records as a basis for declining to process those records for potential release, it should be required to present to this Court a justifiable basis for its claim, preferably in a public, sworn declaration but, at a minimum, in an *ex parte* submission.[1]

---

[1] On a related note, a combined Memorandum Opinion was issued on July 5, 2023, encompassing two different civil actions in the U.S. District Court for the District of Maryland. Exhibit "1" (Memorandum Opinion in <u>Mark Zaid v. Dep't of Justice</u>, Civil Action No. 21-1130 (D.Md.)(DKC) and <u>Mark Zaid v. Dep't of Homeland Sec.</u>, Civil Action No. 22-1602 (D.Md.)(DKC)). One of the two civil actions was a FOIA case derived from the same underlying FOIA request at issue in the present case, and involved the same defendant, DOJ. The District Court in Maryland ruled contrary to this Court's analysis regarding DOJ's categorical invocation of FOIA Exemption 7(A), although this

<u>Local Rule 3.01(g) Certification</u>

The undersigned certifies that they spoke with Defendant's counsel regarding their position on this Motion and they indicated the Defendant does not oppose appearing for a status conference (but would like it to be scheduled no sooner than two months, which Plaintiff opposes and requests occur within 30 days).[2] They oppose all other requested relief.

Date: August 4, 2023

Respectfully submitted,

By: <u>*s/Mark S. Zaid*</u>          By: <u>*s/Joshua M. Entin*</u>
MARK S. ZAID, ESQ.           JOSHUA M. ENTIN, ESQ.
D.C. Bar No. 440532          Florida Bar No: 0493724
*Admitted Pro Hac Vice*       ENTIN LAW GROUP, P.A.
Mark S. Zaid, P.C.           1213 S.E. Third Avenue
1250 Connecticut Avenue, N.W.  Fort Lauderdale, Florida 33316
Suite 700                    Tel: (954) 761-7201
Washington, D.C. 20036       E-mail: Josh@entinlaw.com
Tel: (202) 498-0011
Fax: (202) 330-5610
E-mail: Mark@MarkZaid.com

---

Court's prior decisions were surprisingly not specifically referenced in the Memorandum Opinion. An appeal is being prepared to challenge that ruling. In an exercise of professional courtesy and ethical candor to this Court, a copy of that ruling is being provided for judicial notice.

[2] Plaintiff's primary counsel, Mark S. Zaid, is based in Washington, D.C., and would respectfully request, if appropriate and permissible, that any status conference be held virtually (whether telephonically or via video). The Defendant's agency counsel is also based in Washington, D.C. so this would allow both parties to conserve resources.

Attorneys for the Plaintiff